■ In the Matter of WILLIAM H. SWAN, Petitioner, v COMMISSIONER OF ENVIRONMENTAL CONSERVATION, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Environmental Conservation which determined that petitioner had violated provisions of the ECL and assessed a $3,000 penalty against him. ¶ Determination confirmed and proceeding dismissed on the merits, with one bill of costs to the respondent. ¶ The commissioner found that petitioner placed fill in an inventoried intertidal marsh without permits in violation of provisions of the ECL. In challenging that determination, petitioner contends that inasmuch as the placing of fill was done as an aquacultural activity, it was excluded from regulation under ECL 25-0401 (subd 3), and that to the extent that the commissioner's regulation (6 NYCRR 661.4 [d]) defines aquaculture as excluding filling incidental to aquaculture, it violates the provisions and policy of the Tidal Wetlands Act. We reject petitioner's contention. ECL 25-0401 (subd 1) provides in pertinent part that, "[a]fter completion of the inventory prescribed in title 2 of this article with respect to tidal wetland, no person may conduct any of the activities set forth in subdivision 2 of this section unless he has obtained a permit from the commissioner to do so". Subdivision 2 provides: "Activities subject to regulation hereunder include *any form of draining, dredging, excavation, and removal either directly or indirectly,* of soil, mud, sand, shells, gravel or other aggregate from any tidal wetland; *any form of dumping, filling, or depositing, either directly or indirectly,* of any soil, stones, sand, gravel, mud, rubbish, or fill of any kind; *the erection of any structures or roads, the driving of any pilings or placing of any other obstructions, whether or not changing the ebb and flow of the tide,* and *any other activity within or immediately adjacent to inventoried wetlands which may substantially impair or alter the natural condition of the tidal wetland area*" (emphasis added). ¶ ECL 25-0401 (subd 3), which deals with the aquaculture exclusion provides that: "The depositing or removal of the natural products of the tidal wetlands by recreational or commercial fishing, shellfishing, aquaculture, hunting or trapping, shall be excluded from regulation hereunder, where otherwise legally permitted". ¶ The commissioner adopted a regulation defining aquaculture as "the cultivation and harvesting of products that naturally are produced in the marine environment, including fish, shellfish, crustaceans and seaweed,

and the installation of cribs, racks and in-water structures for cultivating such products, *but shall not mean the construction of any building, any filling or dredging or the construction of any water regulating structures*" (6 NYCRR 661.4 [d]; emphasis added). A reading of ECL 25-0401 (subds 2, 3) demonstrates that aquaculture is not totally exempt from tidal wetlands regulation, and that filling of tidal wetlands with sand is still regulated by subdivision 2, even where associated with aquaculture. Thus, the regulation in question does not violate the ECL. Moreover, the legislative history of the Tidal Wetlands Act clearly indicates that the Legislature intended to protect tidal wetlands from activities such as unregulated filling, dredging, excavating and the like. The Legislature indicated the following in enacting the Tidal Wetlands Act: "The legislature further finds that vast acreage in the tidal wetlands in the state of New York has already been irreparably lost or despoiled as a result of unregulated dredging, dumping, filling, excavating, polluting, and like activities; that the remaining tidal wetlands are in imminent jeopardy of being lost or despoiled by these and other activities; that if the current rate of loss continues, most of the state's tidal wetlands will be entirely lost before the end of this century; and that presently many creeks and tidal wetlands are so polluted that shellfish harvesting is banned. Accordingly, the legislature finds that it is in the interest of the state, consistent with the reasonable economic and social development thereof, to preserve as much as possible of these remaining wetlands in their present natural state and to abate and remove the sources of their pollution" (L 1973, ch 790, § 1). ¶ Finally, we also reject petitioner's contention that ECL 25-0401 (subd 3) and 6 NYCRR 661.4 (d) are vague and inconsistent. Thompson, J. P., Bracken, Boyers and Lawrence, JJ., concur.